IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD E. BEAM                                                                        PLAINTIFF

v.                                          CIVIL 10-3103

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Richard E. Beam, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed his current applications for DIB on July 19, 2007, alleging an inability to work since July 18, 2007, due to lumbar spondylosis with underlying facet arthrosis, a thoracic syrinx,[1] central to left paracentral disk protrusion at C4-5, cervical radiculopathy of the right upper extremity, right carpal tunnel syndrome, irritable bowel disorder and depression. (Tr. 118-120, 123-124, 148). An administrative hearing was held on February 18, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 19-56).

---

[1] A syrinx is defined as an abnormal cavity in the spinal cord. See Dorland's Illustrated Medication, Dictionary at 1880, 31st Edition (2007).

By written decision dated June 2, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 64). Specifically, the ALJ found Plaintiff had the following severe impairments: a back disorder and carpal tunnel syndrome in the right upper extremity. (Tr. 64). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 65). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle with his dominant hand.

(Tr. 65). With the help of a vocational expert, the ALJ determined that Plaintiff could perform other work as a short order cook, a food prep worker, and a security guard. (Tr. 69).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence, denied that request on October 19, 2010. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 5, 6).

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.    Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council reflects the following. On January 7, 2009,[2] Plaintiff followed up with his treating neurologist, Dr. Diane L. Cornellson, with complaints of continued back pain. (Tr. 467-471). With regard to Plaintiff's thoracic syrinx, after examining Plaintiff and MRI studies, Dr. Cornellson opined that Plaintiff was limited in his ability to push/pull, stoop, or stand for any length of time without increasing pain. Dr. Cornellson noted that Plaintiff also had bowel and bladder problems when he overdid any of the above activities.

On June 29, 2009, Plaintiff complained of increased pain. (Tr. 13, 460). Dr. Cornellson noted Plaintiff was in the office that day to ask about his limitations. Dr. Cornellson opined that Plaintiff would have difficulty with push, pull, stoop and hauling activities, secondary to the syrinx. Dr. Cornellson opined that Plaintiff could possibly have a job in which he could sit and have frequent breaks part-time, but that Plaintiff would have difficulty with the spasticity and the residual from the very large thoracic syrinx to do any type of stooping and pushing. Dr. Cornellson noted Plaintiff would also having difficultly with standing too long, sitting too long, or lifting over ten pounds.

The above evidence shows that Dr. Cornellson placed limitations on Plaintiff that were not included in the light-work RFC determined by the ALJ. Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence.

---

[2] The Court notes that the Appeals Council's denial notice states that the second medical record submitted by Plaintiff was dated July 20, 2009. (Tr. 4). However, the transcript indicates that the second record submitted was actually dated January 7, 2009. (Tr. 467).

-5-

**IV. Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 31st day of January 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)