IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD E. BEAM                                                                        PLAINTIFF

v.                                           CIVIL 10-3103

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                     DEFENDANT

## O R D E R

  Plaintiff, Richard E. Beam, appealed the Commissioner's denial of benefits to this Court. On January 31, 2012, Judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 8). Plaintiff now moves for an award of $2,443.30 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 14.00 attorney hours of work before the Court at an hourly rate of $173.00 for work performed in 2010, $174.00 for work performed in 2011, $180 for work performed in 2012, and $367.13 in expenses. (Docs. 9-10). The Defendant has filed a Response, objecting to Plaintiff's request that the fees be paid directly to Plaintiff's counsel. (Doc. 11).

  Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

AO72A
(Rev. 8/82)

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 1.70 hours of attorney work performed in 2010, at an hourly rate of $173.00; 10.80 hours of attorney work performed in 2011, at an hourly rate of $174.00, and 1.50 hours of attorney work performed in 2012, at an hourly rate of $180.00.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI in support of his requested hourly rate. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit.[1]

---

[1] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2010 - 211.338 x 125 divided by 152.4 (March 1996 CPI-South) = $173.34/hour - $173.00.
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South) = $174.28/hour - $174.00.
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South) = $180.01/hour - $180.00.

In <u>Sanders v. Astrue</u>, 2012 WL 19422 (W.D.Ark. Jan. 3, 2012) and 2011 WL 6937591 (W.D.Ark. October 31, 2011), this Court decided to follow the approach set forth in <u>Knudsen v. Barnhart</u>, 360 F.Supp. 2d 963, 969-974 (N.D. Iowa 2004), when determining how to a compute an attorney's fee award. In <u>Knudsen,</u> the Court found that "[A] reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." <u>Id</u>. at 974. The <u>Knudsen</u> Court felt that this approach would strike a balance between "accuracy and what the court believes would potentially turn into a calculation nightmare." <u>Id.</u> The Court finds that an award based upon an hourly rate of $173.00 for work done in 2010, $174.00 for work done in 2011, and $180.00 for work done in 2012 reflecting an increase in the cost of living, is appropriate in this instance. <u>See</u> <u>Johnson</u>, 919 F.2d at 505.

We next address the number of hours Plaintiff's counsel claims he spent working on this case. The Court has reviewed the itemized statement, and finds the amount of 14.00 hours is reasonable.

Plaintiff's counsel seeks reimbursement for $367.13 in expenses incurred with regard to postage and the filing fee. Such expenses are recoverable under the EAJA and the Court finds $367.13 to be a reasonable award. <u>See</u> <u>Kelly v. Bowen</u>, 862 F.2d 1333, 1335 (8th Cir. 1988).

Finally, Plaintiff's counsel has submitted an assignment signed by Plaintiff, apparently in an effort to request that the Court direct payment of the EAJA award directly to Plaintiff's counsel and not to Plaintiff.

On June 14, 2010, the United States Supreme Court held that fee awards under the EAJA are payable to the party litigant, not the party's attorney. <u>See</u> <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521

(2010). In other cases, Defendant has also argued that the purported assignment between Plaintiff's counsel and Plaintiff is invalid pursuant to the Anti-Assignment Act, 31 U.S.C. § 3727(b).[2] Nonetheless, Defendant has agreed to waive strict compliance with the Anti-Assignment Act only if the Court issues the Order for the EAJA award to be payable to Plaintiff, and the Defendant determines that Plaintiff does not owe a debt to the United States. Defendant states once the Order is entered awarding a claimant's attorney's fees under the EAJA, the Defendant will contact the Treasury Department to determine if the claimant owes the government a debt that is subject to administrative offset. If Plaintiff does not owe a debt when the Defendant effectuates the Court's order awarding EAJA fees, the Defendant will waive the requirements of the Anti-Assignment Act and honor the agreement between Plaintiff and his attorney by paying the EAJA award directly to Plaintiff's counsel. However, if Plaintiff does owe a debt, the Defendant will not waive the Anti-Assignment Act and will pay the EAJA award to Plaintiff, thus subjecting the award to offset.

---

[2] The Anti-Assignment Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government[.]" 31 U.S.C. § 3727(a)(1). The Act establishes several technical requirements for a valid assignment:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

AO72A
(Rev. 8/82)

In the present case, whether Plaintiff owes a debt to the government is unknown to the Court, and the Court is hesitant to take on the task of determining whether an offsetting qualifying debt exists. Therefore, this Court, like other courts have done throughout the circuits since the determination in Ratliff, believes Defendant's proposal addressed above, will best serve all parties of interest. See Johnson v. Astrue, 2011 WL 1298035 * 2 (E.D.Ark. April 4, 2011) (approving the Commissioner's proposal to decide whether to waive compliance with the Anti-Assignment Act and to pay Plaintiff's counsel directly only after an order is entered awarding EAJA attorney's fees directly to the claimant and the Commissioner determines the claimant does not owe the government a debt); Kelley v. Astrue, 2010 WL 3636145 (E.D.Ky. Sep.14, 2010) (unpublished decision) (approving of Commissioner's proposal to decide whether to waive compliance with the Anti–Assignment Act and to pay the claimant's attorney directly only after an order is entered awarding EAJA attorney's fees directly to the claimant—"the Court believes the best practice is to award the EAJA fees directly to Plaintiff. The Court will not engage in determining whether Plaintiff owes a debt to the government. Instead, the Court will leave it to the discretion of the Commissioner whether to honor Plaintiff's assignment of her EAJA fees"); Calderon v. Astrue, 2010 WL 4295583 (E.D. Cal. Oct. 22, 2010) (approving Commissioner's proposal and awarding EAJA attorney's fees to the claimant—"Defendant ... seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt pursuant to government's discretionary waiver of the requirements of the Anti–Assignment Act. This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"). Accordingly, the EAJA award should be paid directly to Plaintiff.

AO72A
(Rev. 8/82)

Based upon the foregoing, the Court finds that Plaintiff should be awarded attorney's fees under the EAJA for: 1.70 hours of attorney work performed in 2010, at an hourly rate of $173.00; 10.80 hours of attorney work performed in 2011, at an hourly rate of $174.00, and 1.50 hours of attorney work performed in 2012, at an hourly rate of $180.00, for a total attorney's fee award of $2443.30, and $367.13 in expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this day of 20th day of August, 2012.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**